IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HCP LAGUNA CREEK CA, LP; HCP )
DARTMOUTH MA, LP; HCP TOWSON )
MD, LP; HCP CAMARILLO CA, LP; )
and HRA MANAGEMENT )
CORPORATION, )
    Plaintiffs/Counter-Defendants )    No. 3-10-0220
)
v. )
)
SUNRISE SENIOR LIVING )
MANAGEMENT, INC., )
    Defendant/Counter-Plaintiff/ )
    Third-party Plaintiff )
)
v. )
)
HCP, INC., )
    Third-party Defendant )

## O R D E R

Pursuant to the order entered February 19, 2010 (Docket Entry No. 4), counsel for the parties called the Court on February 26, 2010, at which time the motions of movant Bill Sheriff to quash subpoena and for protective order (Docket Entry Nos. 1 and 7) were DENIED to the extent that Mr. Sheriff sought to preclude his deposition and GRANTED to the extent that he sought limitations on his deposition in the alternative relief sought in his second motion.

The defendant served or attempted to serve a subpoena to take the deposition of Mr. Sheriff, the CEO of Brookdale Senior Living ("Brookdale"), on January 29, 2010, for purposes of discovery in the case pending in the Eastern District of Virginia, No. 09-00824 (the "Virginia action"). In his initial motion, Mr. Sheriff sought to quash the subpoena on a number of grounds, including improper service of the subpoena, the defendant's failure to provide witness and travel fees with the subpoena, and failure to provide a reasonable time to comply. In addition, Mr. Sheriff argued that the subpoena created a undue burden on him because the subpoena directed him to produce documents listed on Attachment A and there was no Attachment A and, more significantly, because he would

have to take time away from his busy work schedule and end-of-quarter activities. Thus, Mr. Sheriff argued that, in balancing the relevance and potential alternative sources of information with the burden on him, the subpoena should be quashed.

After a telephone conference with counsel for the parties and the Court and by order entered February 12, 2010 (Docket Entry No. 3), Mr. Sheriff's motion to quash was granted to the extent that the Court ruled that the deposition, scheduled on February 12, 2010, would not be taken.[1] The Court did not decide whether or not Mr. Sheriff's deposition should be taken at a later date, but instead scheduled another telephone conference call with counsel on February 18, 2010, to address the defendant's basis for believing that Mr. Sheriff and Jay Flaherty, the CEO of third-party defendant HCP, Inc. had discussions about Brookdale Senior Living taking over the management of assisted living facilities, and to address whether the Eastern District of Virginia was willing to extend the discovery deadline to allow Mr. Sheriff's deposition to be taken, if ordered by this Court.

On February 18, 2010, counsel for the parties advised that the discovery deadline had been extended to allow Mr. Sheriff's deposition, if ordered. It was also undisputed that Mr. Sheriff and Mr. Flaherty had engaged in one or more conversations. The parties did, however, disagree about the testimony of Mr. Flaherty in his deposition taken on February 17, 2010, and none of the attorneys participating in the conference call were present at his deposition. In addition, it appeared that Mr. Flaherty's deposition testimony included information covered under a protective order entered in the Eastern District of Virginia and the parties were reluctant to share that testimony with counsel for Mr. Sheriff or the Court. Therefore, a third telephone conference call was scheduled on February 26, 2010, to address Mr. Flaherty's deposition and to allow Mr. Sheriff the opportunity to further brief his motion to quash.

---

[1] During the February 11, 2010, conference call, defendant's counsel clarified that the defendant was not seeking production of any documents and represented that the deposition would not last longer than two (2) hours.

An agreed protective order was entered on February 26, 2010, to allow filings under seal (Docket Entry No. 12), and Mr. Sheriff filed an additional motion, memoranda, and affidavit (Docket Entry Nos. 7-10).

In the most recent motion (Docket Entry No. 7), Mr. Sheriff again moved to quash the subpoena or, in the alternative, for a protective order limiting Mr. Sheriff's deposition to one hour and limiting the scope of the questioning to one specific topic.[2] Mr. Sheriff sets out the relevant testimony from the deposition of Mr. Flaherty, showing that the questioning on the topic at issue consisted essentially of only five questions. To two of those questions Mr. Flaherty responded that he did not "recall" making certain statements. Mr. Sheriff argues that, since the defendant failed to ask any follow-up questions and that the defendant's own CEO, Mark Ordan, attended the meeting at issue, the defendant has available to it the needed information from other sources. Thus, Mr. Sheriff argues that, balanced against the burden to him, as a non-party, in having to prepare for and attend a deposition, his deposition should be precluded. Mr. Sheriff also indicated his willingness to provide a further affidavit.

Approximately two and a half hours after filing the above-described motion and approximately one hour before the scheduled telephone conference call on February 26, 2010, Mr. Sheriff filed a supplemental memorandum (Docket Entry No. 9) and affidavit (Docket Entry No. 10). In his affidavit, Mr. Sheriff attested that Mr. Flaherty did not "say those things" that were the subject of the questions in Mr. Flaherty's deposition. Therefore, Mr. Sheriff argues that, since Mr. Sheriff has now answered the same questions asked of Mr. Flaherty, there is no need for Mr. Sheriff's deposition.

---

[2] Although, in this order and the order entered February 12, 2010 (Docket Entry No. 3), the Court alluded generally to the issue about which the defendant seeks Mr. Sheriff's deposition testimony, the Court has not set forth in any detail the topic at issue in light of the February 26, 2010, protective order and the concern that any proprietary, confidential information should not be disclosed, particularly because both parties in the Virginia action are direct competitors of Brookdale.

In the instant motions, Mr. Sheriff seeks to quash the subpoena issued to him. Therefore, the provisions of Rule 45(c)(3)(A)-(C) of the Federal Rules of Civil Procedure apply. Specifically, Rule 45(c)(3)(A)(iv) allows a Court to quash or modify a subpoena if it subjects a person to undue burden. Rule 45(c)(3)(B)(i) also allows a Court to quash or modify a subpoena if the subpoena requires disclosure of a "trade secret or other confidential research, development, or commercial information," or, pursuant to Rule 45(c)(3)(C), instead of quashing or modifying a subpoena, the Court may order "appearance of production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship . . . ."

Although in Mr. Sheriff's most recent motion (Docket Entry No. 7), he sought, in the alternative, a protective order, that alternative motion sought to limit the time and scope of his deposition. Therefore, Mr. Sheriff has not expressly invoked Rule 26(c), which permits the Court, for good cause shown, to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including precluding the discovery sought. In addition, Mr. Sheriff does not rely upon Rule 45(c)(3)(C) to support his motion to quash, although he does rely upon Rule 45(c)(3)(C) in his alternative motion for a protective order.

A movant has the burden of establishing good cause for entry of a protective order under Rule 26(c) to quash the deposition subpoena, and he must show a "clearly defined and serious injury." See Nix v. Sword, 11 Fed.Appx. 498, 501, 2001 WL 599707 (6th Cir. May 24, 2001). See also Underwood v. Riverview of Ann Arbor, 2008 WL 5235992, *2 (E.D. Mich. Dec. 15, 2008). Whether a motion is filed under Rule 26(c) or Rule 45(c)(3)(A), the Court must balance the movant's need to be protected from undue burden against the defendant's need for the deposition. Once the defendant shows that Mr. Sheriff's testimony would be relevant to the claims or defenses in this case,[3] Mr. Sheriff must establish that his deposition would impose an undue burden on him. In

_____

[3] Although Mr. Sheriff argues that his testimony must not be particularly relevant because defendant's counsel spent little time in Mr. Flaherty's deposition on the issue, based on the discussion on February 26, 2010, the Court found that the matters upon which the defendant seeks

determining whether there is an undue burden, the Court must consider not only the burden to Mr. Sheriff but also the necessity for the deposition and whether the same information can be obtained from other sources. See Allen v. Howmedica Leibinger, 190 F.R.D. 518, 525 (W.D. Tenn. 1999). Mr. Sheriff's status as a non-party is a factor to consider in addressing the burden his deposition might have. Katz v. Batavia Marine & Sporting Supplies, Inc., 984 F.2d 422, 424 (Fed. Cir. 1993); Hansen Beverage Co. v. Innovation Ventures, LLC, 2009 WL 2351769 (E.D. Mich. July 29, 2009); Musarra v. Digital Dish, Inc., 2008 WL 4758699, *1 (S.D. Ohio Oct. 30, 2008); ; American Elec. Power Co. v. United States, 191 F.R.D. 132 (S.D. Ohio 1999); Allen, 190 F.R.D. at 521.

Mr. Sheriff refers to his deposition as an "apex deposition," a categorization that the defendant disputes. To the extent that he is at the "apex" of his corporation, it cannot be disputed that his deposition would be an "apex deposition."[4] The seminal case involving a request to take a deposition of a high level employee of the defendant was Salter v. Upjohn Co., 593 F.2d 649 (5th Cir. 1979), in which the Court affirmed the District Court's denial of the plaintiff's request to take the deposition of Dr. William Hubbard, the president of defendant Upjohn. The denial was based on the fact that Dr. Hubbard had given testimony before a Senate Committee, which contained essentially the same information the plaintiff sought, and because depositions of lower level employees with the most direct knowledge of the facts were scheduled to be deposed. The trial court found that it was likely that the plaintiff would not consider it necessary to take Dr. Hubbard's deposition after the other depositions unless the other employees did not have "more personal knowledge" of the facts or their testimony was inconsistent with Dr. Hubbard's previous Senate testimony. The Court of Appeals for the Fifth Circuit noted that "if after taking the other deposition,

to depose Mr. Sheriff are relevant, although the Court will not elaborate herein. See n.2 supra.

_____

[4] The Court notes that the term "apex deposition" has not been used by the Court of Appeals for the Sixth Circuit or any district courts in the Sixth Circuit. Cf. Zoroufie v. Lance, Inc., 2008 WL 1767729 (W.D. Tenn. Apr. 15, 2008) (quoting a case from the Northern District of California in which the term "apex deponent" was used). However, this Circuit and the District Courts within this Circuit have used the same analysis without using the specific term.

plaintiff was not satisfied and again properly gave notice of or requested taking Dr. Hubbard's deposition, the judge probably should have allowed the deposition."  593 F.2d at 652.[5]

The "apex doctrine" has been defined to protect high-level corporate officials from discovery unless "(1) the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information sought have been exhausted." Wal-Mart Stores, Inc. v. Vidalakis, 2007 WL 4591569, *1 (W.D. Ark. Dec. 28, 2007); Van Den Eng v. Coleman Co., Inc., 2005 WL 3776352, *2 (D. Kan. Dec. 14, 2005).  See also Bush v. Dictaphone Corp., 161 F.3d 363, 367 (6th Cir. 1999); El Camino Resources, Ltd. v. Huntington Nat'l Bank, 2009 WL 1228680, *3-4 (W.D. Mich. Apr. 30, 2009); Marsico v. Sears Holding, 2007 WL 1006168, *2 (E.D. Mich. Mar. 29, 2007).  Normally, "apex deposition" issues are raised in the context of one party seeking to depose the "apex" employee, e.g., CEO, President, and/or Chair of Board of Directors, of the other party.  That is understandable because a party may well be able to discover facts from lower level employees of the opposing party who actually participated in the matters at issue in the case. Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc., 936 F.2d 889, 894 (6th Cir. 1991); Lewelling v. Farmers Ins. Co. of Columbus, Inc., 879 F.2d 212, 218 (6th Cir. 1989).[6]

Since "apex" employees frequently are uninvolved in the actions about which a party complains, taking the deposition of a high level employee can be considered harassing and unnecessary, imposing an undue burden on such an employee, who normally is very busy attending to matters of his or her business.  As a result, the standard has developed that such an employee must have "unique personal" knowledge of the facts before his or her deposition is permitted.  See Wagner v. Novartis Pharmaceuticals Corp., 2007 WL 3341845, *1 (E.D. Tenn. Nov. 8, 2007).

---

[5]  The plaintiff did, in fact, attempt to schedule Dr. Hubbard's deposition on two subsequent occasions, but the District and Appellate Courts found that she had failed to properly reassert her request.

[6]  The Court notes that only one of the cases that the Court has found or that Mr. Sheriff cited involved a non-party whose deposition was sought.  See Nix v. Sword, 2001 WL 599707 (6th Cir. May 24, 2001).  Most of the cases in which non-parties challenge subpoenas involve subpoenas for production of documents.

Although the requisite knowledge has been described as both "unique" and "personal," the Apex doctrine is "intended to protect busy, high-level executives who lack unique or personal knowledge." Minter v. Wells Fargo Bank, N.A., 258 F.R.D. 118, 125 (D. Md. 2009) (emphasis added). If an "apex" employee has had no role in the matters at issue, or was only generally aware of or aware after the fact of the decision or conduct of lower level employees, such a deposition is generally not permitted. Similarly, as in Salter, if lower level employees have at least the same knowledge, if not more, of the matters at issue than the "apex" employee, such a deposition may not be permitted. See also Baine v. General Motors Corp., 141 F.R.D. 332, 335 (M.D. Ala. 1991).

The knowledge of other, lower-level employees is not an issue in this case. The matter at issue is conversations in which Mr. Sheriff himself participated. Clearly, Mr. Sheriff has personal knowledge of the matter at issue. See Bush v. Dictaphone Corp., 161 F.3d 363 (6th Cir. 1998); Kelly v. Microsoft Corp., 2008 WL 5000278 (W.D. Wash. Nov. 21, 2008). Mr. Sheriff's counsel acknowledged during the February 18, 2010, telephone conference call that Mr. Sheriff had participated in a conversation with Mr. Flaherty and Mr. Ordan. However, Mr. Sheriff urged that the defendant take Mr. Flaherty's deposition before determining whether Mr. Sheriff should be deposed.

After Mr. Flaherty's deposition, Mr. Sheriff now argues that defendant's counsel did not take an opportunity to ask follow up questions of Mr. Flaherty when he expressed an inability to "recall," and that Mr. Sheriff has now answered those questions himself in his affidavit (Docket Entry No. 10).

Mr. Sheriff contends that he does not have "unique" knowledge since Mr. Flaherty and the defendant's CEO were also present. However, that is not the type of non-unique knowledge that is normally at issue. When three people are present during a conversation, one may remember or choose to remember certain portions of the conversation that conflict with the memory of one or two of the other participants. See DR Sys., Inc. v. Eastman Kodak Co., 2009 WL 2973008, *3 (S.D. Cal. Sept. 14, 2009) ("[t]he mere fact that one person testified about a conversation does not make any

7

additional testimony about the conversation repetitive."). The defendant seeks testimony from Mr. Sheriff about his recollection, which may or may not mirror Mr. Flaherty's recollection. To the extent that Mr. Flaherty could "not recall," Mr. Sheriff may well be better able to relate his own recollection.

Mr. Sheriff's proposals to supplement his affidavit, to provide an additional affidavit responding to questions from the defendant, to be deposed by written questions, or to be provided with the deposition questions in advance are not adequate substitutes for taking his deposition testimony in the usual manner. In addition, the parties are under time constraints imposed in the Virginia action. To allow any alternative form of obtaining additional information from Mr. Sheriff and reevaluating thereafter will, in the Court's opinion, inevitably delay the process. Although the Virginia Court has extended the time for Mr. Sheriff's deposition to be taken, if ordered, in deference to this Court, this Court has an obligation to the Virginia Court to attempt to reach a resolution of the issue as quickly as possible.

Therefore, the motions of Mr. Sheriff to quash the deposition in its entirety are denied, but the motion of Mr. Sheriff for a protective order is granted to the extent that the defendant's questioning of Mr. Sheriff shall not exceed one (1) hour, allowing counsel for the plaintiff to depose Mr. Sheriff for an additional half hour.

The deposition shall be scheduled no later than March 26, 2010.[7]

The Court is, however, persuaded by Mr. Sheriff that the defendant could unnecessarily delve into proprietary matters to its competitive advantage. The scope of the questioning in his deposition shall be limited to the general topic alluded to in this order and in the order entered February 12, 2010, and articulated by defendant's counsel in the telephone conference calls with the Court. The parties shall advise the Court when Mr. Sheriff's deposition is scheduled and the Court will try, as much as possible, to be available for the parties and counsel for Mr. Sheriff to call if

---

[7] The Court neglected to note the date by which the parties agreed the deposition would be taken. If March 26, 2010, is not the correct deadline that was addressed, the parties shall schedule the deposition based on their agreement during the February 26, 2010, conference call.

concerns arise about the scope of the questioning. Defendant's counsel has represented to the Court that he understands the concerns of the Court and counsel for Mr. Sheriff and, except as necessary to establish context, will not delve into unrelated areas.

To the extent that Mr. Sheriff seeks a specific protective order relating to disclosure of his deposition testimony, the Court will be willing to consider any such proposal.

Any party desiring to appeal this order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of this order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b) of the Local Rules of Court.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

9